## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

**Case No.:**

**KEVIN IAN GO,**
*individually and on behalf of all*
*others similarly situated,*                                 **CLASS ACTION**

        Plaintiff,                                            **JURY TRIAL DEMANDED**

**v.**

**CURRENT MEDIA GROUP LLC D/B/A**
**CURRENT CATALOG,**

        Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff Kevin Ian Go ("Plaintiff") brings this class action against Defendant Current Media Group LLC d/b/a Current Catalog ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## PRELIMINARY STATEMENT

1.      Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227) (the "TCPA"). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial

1

freedoms' *id.* § 2(9).

2.      The TCPA affords special protections for people who, like Plaintiff, have their phone number registered on the National Do Not Call Registry. Specifically, the TCPA provides that each person who receives more than one call on their cell phone after registering their phone number on the National Do Not Call List is entitled to recover a penalty of up to $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated

3.      The problem with receiving unwanted telemarketing communications is a problem that most people in this country, like Plaintiff, frequently face. For example, in 2024 alone, approximately 52.8 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com/history/time (last visited January 6, 2025). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790 11553770803.

## NATURE OF THE ACTION

4.      This is a putative class action pursuant to the TCPA.

5.      To promote its goods and services, Defendant engages in unsolicited text messaging to consumers that have registered their telephone numbers on the National Do Not Call Registry.

6.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct which has resulted in intrusion into the peace and quiet in a realm that is private and

personal to Plaintiff and the members of the classes. Plaintiff also seeks statutory damages on behalf of themselves and members of the classes, and any other available legal or equitable remedies.

## PARTIES

7.      Plaintiff is a natural person entitled to bring this action under the TCPA, and a citizen and resident of Harris County, Texas.

8.      Defendant is a Delware limited liability company with its headquarters located in Colorado Springs, Colorado.

9.      Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## JURISDICTION, AND VENUE

10.      This Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331, as the TCPA is a federal statute. Additionally, this Court has supplemental jurisdiction over Plaintiff's claims under the Texas Business and Commerce Code, pursuant to 28 U.S.C. § 1367.

11.      The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District. Additionally, Plaintiff's telephone number has an area code that specifically coincides with locations in Texas.

## FACTS

12.      On or about January 26, 2024, and August 17, 2024, Defendant sent text message

solicitations to Plaintiff's cellular telephone as depicted below:



13.     Overall, between approximtely January 26, 2024, and the date this Complaint was filed, Defendant caused approximately twenty-five (25) marketing text messages to be transmitted to Plaintiff's cellular telephone number.

14.     As demonstrated by the above screenshots, the purpose of Defendant's telephonic sales calls was to advertise, promote, and/or market Defendant's property, goods, and/or services.

15.     Plaintiff is the regular user of the telephone number that received the above solicitations.

16.     Plaintiff registered the cellular telephone number on the National Do-Not-Call Registry on or about May 19, 2020.

17.     Plaintiff utilizes the cellular telephone number that received Defendant's text messages for personal purposes and the number is Plaintiff's residential telephone line and primary means of reaching Plaintiff at home.

18.     Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and members of the classes.

19.     Plaintiff has not transacted any business with Defendant within the past eighteen (18) months before receiving the above text messages. Also, Plaintiff has not made any inquiry regarding Defendant's products or services within the past three (3) months before receiving the above text messages.

20.     Plaintiff never signed any type of authorization permitting or allowing Defendant to send them text message solicitations.

21.     Defendant's unlawful conduct resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and members of the classes.

## CLASS ALLEGATIONS

### PROPOSED CLASS

22.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

23.     Plaintiff brings this case on behalf of a class (the "Nationwide Class") defined as follows:

> **All persons in the United States who, from four years prior to the filing of this action through the date of class certification, (1) Defendant, or anyone on Defendant's behalf, (2) placed more than one text message call within any 12-month period; (3) where the person's telephone number that had been listed on the National Do Not Call Registry for at least thirty days; (4) regarding Defendant's property, goods, and/or services; (5) who did not purchase or transact business with Defendant during eighteen months immediately preceding the date of the first message; and (6) who did not contact Defendant during the three months immediately preceding the date of the first message with an inquiry about a product, good, or service offered by Defendant.**

24. Additionally, Plaintiff brings this case on behalf of a class (the "Texas Class" and, together with the Nationwide Class, the "Classes") defined as follows:

> **All persons residing in Texas who, from four years prior to the filing of this action through the date of class certification, (1) Defendant, or anyone on Defendant's behalf, (2) placed more than one text message call within any 12-month period; (3) where the person's telephone number that had been listed on the National Do Not Call Registry for at least thirty days; (4) regarding Defendant's property, goods, and/or services; (5) who did not purchase or transact business with Defendant during eighteen months immediately preceding the date of the first message; and (6) who did not contact Defendant during the three months immediately preceding the date of the first message with an inquiry about a product, good, or service offered by Defendant.**

25. Plaintiff reserves the right to modify the definitions of the Classes as warranted as facts are learned in further investigation and discovery.

26. Defendant and their employees or agents are excluded from the Classes.

**<u>NUMEROSITY</u>**

27. Plaintiff does not know the number of members in the Classes but believes the number is in the several thousands in each of the Classes, if not more.

28. Upon information and belief, Defendant has placed violative text message calls to telephone numbers belonging to at least 50 persons, both with respect to Texas and United States

residents. The members of each of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

29.     The exact number and identities of members of the Classes are unknown at this time and can be ascertained only through discovery. Identification of members of the Classes is a matter capable of ministerial determination from Defendant's text records.

COMMON QUESTIONS OF LAW AND FACT

30.     There are numerous questions of law and fact common to the members of each of the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the members of the Classes are:

(a) Whether Defendant initiated solicitation text messages to Plaintiff and the members of the Classes who had registered their numbers on the National Do Not Call Registry; and

(b) Whether Defendant is liable for damages, and the amount of such damages.

31.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telephonic sales texts without consent is accurate, Plaintiff and the members of the Classes will have identical claims capable of being efficiently adjudicated and administered in this case.

TYPICALITY

32.     Plaintiff's claims are typical of the claims of members of the Classes, as they are all based on the same factual and legal theories.

PROTECTING THE INTERESTS OF CLASS MEMBERS

33.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

### SUPERIORITY

34.    A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by each of the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Classes prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

35.    The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain members of the Classes are not parties to such actions.

**COUNT I**
**VIOLATIONS OF 47 U.S.C. § 227(c) AND 64.1200(c)**
**(On Behalf of Plaintiff and the Nationwide Class)**

36.    Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1-35.

37.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c).

38.    Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers." 47 C.F.R. § 64.1200(e).

39.    Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

40.    Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the Nationwide Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

41.    Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and nationwide Class members received more than one text message in a 12-month period from Defendant in violation of 47 C.F.R. § 64.1200.

42.    Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the Nationwide Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation.

43.    Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the Nationwide Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing or willful violation.

## COUNT II
## <u>VIOLATION OF TEXAS BUSINESS AND COMMERCE CODE § 305.053</u>
### (On Behalf of Plaintiff and the Texas Class)

44.    Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1-43 as if fully set forth herein.

45.     Texas Business and Commerce Code § 305.053 creates a right of action for "a person who receives a communication that violates [the TCPA as codified at] 47 U.S.C. Section 227 [or] a regulation adopted under that provision . . . against the person who originates the communication . . . ." Tex. Bus. & Com. Code § 305.053(a).

46.     Therefore, ""The elements of a § 305.053 claim 'correspond to the necessary elements for a TCPA claim.'" *Callier v. GreenSky, Inc.*, No. EP-20-CV-00304-KC, 2021 U.S. Dist. LEXIS 126769, 2021 WL 2688622, at *6 (W.D. Tex. May 10, 2021).

47.     Plaintiff and the Texas Class members are entitled to an award of at least $500 in damages for each such violation under Texas Business and Commerce Code § 305.053(b)(1).

48.     Plaintiff and the Texas Class members also request that the Court award treble damages based on Defendants' knowing and/or intentional violations under Texas Business and Commerce Code § 305.053(c)(1).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of themselves and members of the Class, prays for the following relief:

a.     An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b.     An award of statutory damages for Plaintiff and each member of the Class as applicable under the TCPA and Texas Business and Commerce Code § 305.053;

c.     An order declaring that Defendant's actions, as set out above, violate the TCPA and Texas Business and Commerce Code § 305.053;

d.     An injunction requiring Defendant to comply with 47 C.F.R. 64.1200(c) and Texas Business and Commerce Code § 305.053;

e.     An award of attorney's fees, costs, and interest, as allowed by applicable law; and

f.      Such further and other relief the Court deems reasonable and just under the circumstances.

**JURY DEMAND**

Plaintiff and members of the Class hereby demand a trial by jury.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the texts messages as alleged herein.

Date:  May 23, 2025.

Respectfully Submitted,

/s/ Zane C Hedaya                          .
**ZANE C. HEDAYA, ESQ.**
Texas Bar No.: 24134450
E-mail: zane@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street,
Wilton Manors, Florida 33305
Phone: 813-340-8838

*COUNSEL FOR PLAINTIFF*